**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WAVERLY SCOTT KAFFAGA, AS EXECUTOR OF THE ESTATE OF ELAINE ANDERSON STEINBECK,

Plaintiff,

v.

THOMAS STEINBECK, GAIL KNIGHT STEINBECK, and THE PALLADIN GROUP, INC.,

Defendants.

Case No. 14-cv-8699-TJH (FFMx)

[Discovery Document: Referred to Magistrate Judge Frederick F. Mumm]

**[~~PROPOSED~~] PROTECTIVE ORDER**

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

The parties in the above-captioned case having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of non-public and competitively sensitive information that may need to be disclosed in connection with discovery in this case, and the parties having stipulated to entry of this Order, and the Court having found that good cause exists:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1) This Protective Order shall be applicable to and govern all depositions, documents, or electronically stored information produced in response to requests for production, answers to interrogatories, responses to requests for

admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials") that the party or non-party in good faith believes comprise or reflect confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or non-party normally would not reveal to third parties or would cause third parties to maintain in confidence, including without limitation proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2) Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting the litigation captioned *Waverly Scott Kaffaga, As Executor of the Estate of Elaine Anderson Steinbeck v. Thomas Steinbeck, et al.*, No. 14-cv-8699-TJH (FFMx) (hereinafter "this litigation" or "this action"), and such information shall not be disclosed to anyone except as provided herein.

3) Discovery Materials containing proprietary and/or commercially sensitive information, or otherwise confidential financial, business, research, or technical information and/or personal information may be designated as "Confidential" by such party or non-party pursuant to Paragraph 6 of this Protective Order.

4) Discovery Materials containing trade secrets, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial,

financial, research, or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court, may be designated "Highly Confidential" by any producing party or non-party pursuant to Paragraph 6 of this Protective Order.

5) Discovery Materials designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order, and produced in the action captioned *Thomas Steinbeck, et al. v. Waverly Scott Kaffaga, et al.*, No. 14-cv-08681-TJH (GJSx) (hereinafter, "the Related Action"), will be treated as "Confidential" or "Highly Confidential" in the Related Action subject to the provisions of any protective order that might be issued in the Related Action.

6) The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

a) In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"): (i) on each page of any document containing any Confidential or Highly Confidential material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the Confidential or Highly Confidential nature of the information or material disclosed and sought to be protected hereunder. The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information

stored in or through any computer system or other electronic or optical data storage device.

b) In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel (via e-mail or next business day delivery) of the transcript of the deposition. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as "Confidential" under this Protective Order until the expiration of thirty (30) days after the mailing (via e-mail or next business day delivery) to counsel of the transcript of the deposition. In the event that either party to this Protective Order intends to make a motion during this thirty (30) day time period, and that motion relies upon deposition testimony that has not yet been designated Confidential or Highly Confidential, the party making the motion shall give the other party three (3) days notice before making the motion to allow the other party the opportunity to designate the material Confidential or Highly Confidential. At or before a deposition, the deponent or his or her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given or an exhibit about to be relied on (including discussion during the deposition of said exhibit) is deemed protected under this Protective Order. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

c) A party or non-party furnishing documents and things to another party for inspection shall have the option to require that all or batches of documents and things be treated as Confidential or Highly Confidential during inspection and to make its designations of particular documents and things at the

time copies of documents and things are produced or furnished. A party or non-party that desires to proceed in this manner shall inform counsel for all parties in writing before the inspection.

7) Discovery Materials designated as "Confidential" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a) Outside counsel in this litigation and the staff and supporting personnel of such attorneys, including paralegals, secretaries, clerical employees, and, to the extent necessary, outside copying, imaging, and trial consultants/presentation services, who are working on this litigation under the direction of such attorneys;

b) In-house counsel for the parties herein and their parent corporations, if any, who are responsible for the oversight of this litigation and the staff and supporting personnel of such attorneys;

c) The parties to this litigation;

d) Subject to Paragraphs 9 and 10 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or experts, provided that the disclosure of Confidential material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation and only upon their agreement to be bound by this Protective Order as evidenced by their execution of the certification in the attached Schedule A (the "Certification");

e) Subject to Paragraphs 9 and 10 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties;

f) Witnesses in a deposition or other pretrial proceeding, during the course of their testimony, provided that counsel for a party has a good faith basis to believe that the witness has knowledge of the information or material

designated "Confidential" or the specific events, transactions or discussions reflected in the information or material. Such testimony concerning such Confidential materials or information shown to the witness shall be deemed "Confidential." Witnesses shown information designated "Confidential" shall not be allowed to retain copies;

g) Persons shown on the face of a document designated "Confidential," or from such document's metadata, to have authored or received it; and

h) The Court and Court personnel, court reporters, interpreters, and videographers employed in connection with this action.

8) Discovery Materials designated as "Highly Confidential" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a) Outside counsel in this litigation and the staff and supporting personnel of such attorneys, including paralegals, secretaries, clerical employees, and, to the extent necessary, outside copying, imaging, and trial consultants/presentation services, who are working on this litigation under the direction of such attorneys;

b) Subject to Paragraphs 9 and 10 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or experts, provided that the disclosure of Highly Confidential material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation and only upon their agreement to be bound by this Protective Order as evidenced by their execution of the Certification;

c) Subject to Paragraphs 9 and 10 herein, any other persons who are designated to receive material designated "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties;

d) Witnesses in a deposition or other pretrial proceeding, during the course of their testimony, provided that counsel for a party has a good faith basis to believe that the witness has knowledge of the information or material designated "Highly Confidential" or the specific events, transactions or discussions reflected in the information or material. Such testimony concerning such Highly Confidential materials or information shown to the witness shall be deemed "Highly Confidential." Witnesses shown information designated "Highly Confidential" shall not be allowed to retain copies;

e) Persons shown on the face of a document designated "Highly Confidential," or from such document's metadata, to have authored or received it; and

f) The Court and Court personnel, court reporters, interpreters, and videographers employed in connection with this action.

9) For purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of a party or counsel for a party.

10) With respect to those experts or consultants who are engaged in the business of negotiating, appraising, or representing parties in transactions regarding the exploitation of literary works and/or rights deriving therefrom, including but not limited to those persons who are currently employed by or regularly provide consulting services for motion picture and television companies, theatre companies, publishing companies, or literary or other agencies (hereinafter "Industry Experts"), the name, business address, curriculum vitae ("CV") and affiliation of each such Industry Expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in

this case. If there are certain clients or employment that the Industry Expert cannot disclose on his or her CV for confidentiality reasons, the fact that those clients or employment exist must be disclosed to the producing party. During that five-day period, counsel for the producing party shall have the opportunity to oppose the proposed disclosure. Consent to the disclosure of Confidential or Highly Confidential material to an Industry Expert shall not be unreasonably withheld. Any party opposing disclosure shall within such five-day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Pacific time, on the fifth court day following the date of disclosure of the identity of the Industry Expert, then the party seeking to disclose Confidential or Highly Confidential material to the designated Industry Expert may do so and failure to object shall constitute waiver of the specific objection. If the parties cannot resolve the objection on their own, the designating party can raise the issue with the Court by motion or *ex parte* application, but must do so no later than ten (10) court days after the written objection was received, and the designating party cannot disclose Confidential or Highly Confidential material to the Industry Expert until the Court resolves the issue. However, after the five-day period has expired without objection, a party may still move or apply to the Court to allow that party to object to an Industry Expert if it can show: (i) there is new, material information relating to the Industry Expert that was not available to the moving party within the five-day objection period; and (ii) had the moving party been aware of the information at the time, the moving party would have objected to the Industry Expert. Such motion or *ex parte* application shall be made within ten (10) court days of coming into possession of such new, material information relating to such consultant or expert. In the event such resolution by the Court is necessary no additional Confidential or Highly Confidential material shall be disclosed to the Industry Expert pending resolution of the issue by the Court.

11) Persons retained or sought to be retained as bona fide consultants or testifying experts, and any other persons who are designated to receive material designated "Confidential" or "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Certification, which the person shall read and sign, unless the Parties have specifically agreed that execution of the Certification is not necessary for such person. Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Certifications. Copies of any such Certifications executed by persons retained or sought to be retained as bona fide consultants or experts shall be provided to counsel for the other parties or affected nonparties upon request, once the consultant or expert has been disclosed.

12) The recipient of any material designated under this Order shall use reasonable efforts to maintain the confidentiality of such information.

13) Any third party may obtain protection of this Protective Order by complying with Paragraphs 3,4 and 6 of this Protective Order regarding designating of materials under the Order. A party making a discovery request to a non-party in this action shall notify that non-party that the protections of the Protective Order are available to such non-party.

14) All exhibits, pleadings, discovery responses, documents, testimony or other submissions filed with the Court pursuant to this action that have been designated "Confidential" or "Highly Confidential" by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential or Highly Confidential, shall be marked with the legend "Confidential" or "Highly Confidential" and shall be filed pursuant to and in compliance with Local Rule 79-5.1. If a filing under seal is requested, a written application and proposed order shall be presented along with the document

for filing under seal. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. The party seeking to seal documents must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal.

15) A party receiving Discovery Materials designated under this Protective Order may object to such designation in whole or in part at any time, by giving written notice of such objection to the producing party. Within ten (10) court days of receiving such written notice, the producing party shall confer directly (i.e., in person or by telephone) with the receiving party in good faith for the purpose of resolving any such objection. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the objection is not resolved after the parties confer, then any party may request a conference with the Court and/or file a motion, pursuant to L.R. 37-2, *et seq.*, to resolve the dispute. Pending the Court's determination, the information subject to dispute shall be treated as subject to the Protective Order. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making the designation.

16) Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (i) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (ii) from disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files that the party itself has designated under this Protective Order.

17) Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a non-party pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall assert an initial objection to its production to the extent permitted by applicable law and notify the requesting non-party of the existence of this Protective Order and that the material requested by the non-party has been designated under this Protective Order, and shall further give notice of such request, by e-mail and next business day delivery, upon the party that designated the material within five (5) court days of receiving a formal discovery request as described above, or at least three (3) court days prior to the date on which such Confidential or Highly Confidential material is to be produced to the non-party, whichever is earlier.

18) If a party inadvertently fails to designate as Confidential or Highly Confidential material and/or information, including documents and deposition testimony, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document it distributed or disclosed to persons not authorized to access such information by Paragraphs 6, 7, and 8 herein, as well as any copies made by such persons.

/ / /

/ / /

19) Nothing contained in this Protective Order shall: (i) constitute an admission or waiver of any claim or defense by any party; (ii) affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, electronically stored information, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure; (iii) constitute a waiver by any party of its right to object to or otherwise contest any confidentiality designation by any party or non-party consistent with the terms of this Protective Order and the Federal Rules of Civil Procedure; (iv) affect the right of any party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Protective Order; or (v) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

20) This Protective Order shall not be construed to apply to any information that: (i) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (ii) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and was not subject to conditions of confidentiality; or (iii) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

21) This Protective Order shall not apply to the treatment to be given during proceedings in court at any hearing or trial in this litigation to Discovery Materials designated as Confidential or Highly Confidential. The parties, any party in interest, and/or the witnesses, may move the Court to seal any court

proceeding for reasons consistent with this Protective Order, and any such sealing or treatment at hearing or trial shall be subject to subsequent Order of this Court.

22) Within sixty (60) calendar days after the final termination of litigation between the parties (including any appeals or petitions for rehearing or review), all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party by the attorney, setting forth the means by which the party destroyed the designated material; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraphs 6, 7, and 8 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made only in the event of further proceedings or litigation between the parties, a dispute over such counsel's performance, a dispute over the use or dissemination of material designated under this Protective Order, or, subject to the provisions of Paragraph 13 of this Protective Order, as required by law. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained Confidential or Highly Confidential material. The Court is specifically exempted from any return or destruction requirements contemplated by this provision. Notwithstanding the foregoing or anything to the contrary herein, no party shall have any obligation to destroy or return any designated materials that are reasonably be deemed to be relevant to the Related Action, so long as the Related Action remains pending.

/ / /

/ / /

23) Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or attorney work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within fifteen (15) court days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. A party may move the Court for an order compelling production of the document, but said party may not assert as a basis for the entering of such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a party from arguing that the production of the allegedly Inadvertently Produced Privileged Document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

24) Any person or entity who/which violates this Protective Order may be subject to penalties and sanctions. Nothing in this Protective Order shall be construed to limit the powers of the Court nor shall anything in this Protective Order be construed to limit the private rights of any person or entity to enforce any and all claims for injunctive relief or monetary damages and claims of any nature arising out of a violation of this Protective Order.

25) Unless the parties otherwise agree, any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court. The provisions of this Order may be modified at any time by stipulation of all parties and with the approval of the Court. A Party may apply to the Court for modification of this Order pursuant to a noticed motion or application.

**IT IS SO ORDERED.**

Dated: July 23, 2015

/S/ FREDERICK F. MUMM
Magistrate Judge Frederick F. Mumm

<u>Schedule A</u>

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated July ___, 2015 (the "Protective Order") entered in *Waverly Scott Kaffaga, as Executor of the Estate of Elaine Anderson Steinbeck v. Thomas Steinbeck, Gail Knight Steinbeck, and The Palladin Group, Inc.*, Case No. 14-cv-8699-TJH (FFMx), pending in the United States District Court for the Central District of California, and hereby agree to be bound by the terms thereof. I further agree that to the extent my employees are provided with "Confidential" and/or "Highly Confidential" Discovery Materials, I will instruct such employees regarding the terms of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance with the Protective Order.

Dated:______________________________________________

City and State:__________________________________________

Signature:_______________________________________________

Title:__________________________________________

Address:________________________________________

_____________________________________________

_____________________________________________