1  Matthew I. Berger, State Bar Number 89078
2  Robert M. Graham, State Bar Number 312085
   MATTHEW I. BERGER LAW GROUP,
3  A Professional Corporation
   matthewb@mbergerlaw.com
4  robert@mbergerlaw.com
   10 E. Islay St.
5  Santa Barbara, CA 93101-2423
   (805) 456-1200 - voice
6  (805) 770-5775 - facsimile

7  Attorneys for Defendants, THE
   ESTATE OF THOMAS STEINBECK,
8  GAIL KNIGHT STEINBECK, and
   THE PALLADIN GROUP, INC.
9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  WAVERLY SCOTT KAFFAGA, AS      )   Case Number: 14-CV-08699-TJH (FFM)
    EXECUTOR OF THE ESTATE OF      )
15  ELAINE ANDERSON STEINBECK,     )   **DEFENDANTS' TRIAL BRIEF**
                                    )
16         Plaintiff,              )   Date:           August 29, 2017
                                    )   Time:           10:00 a.m.
17  vs.                            )   Courtroom:      9B, 350 W. 1st Street,
                                    )                   Los Angeles, CA 90012
18  THOMAS STEINBECK, GAIL         )   Judicial Officer: Terry J. Hatter, Jr.
    KNIGHT STEINBECK, and THE      )
19  PALLADIN GROUP, INC.,          )
                                    )
20         Defendants.             )
                                    )
21  _____  )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. DEFENDANTS' CASE-IN-CHIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Affirmative Defenses to Breach of Contract . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Affirmative Defenses to Slander of Title . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.   Defenses and Affirmative Defenses To Intentional Interference with
         Prospective Economic Advantage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.   Legal Damages and Equitable Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. UNRESOLVED EVIDENTIARY MATTERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

## CASES

*Beckwith v. Dahl,*

   205 Cal. App. 4th 1039, 1055 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kasparian v. Cnt. of L.A.*,

   38 Cal. App. 4th 242, 271 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Korea Supply Co. v. Lockheed Martin Corp.*,

   29 Cal. 4th 1134 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Manshion Joho Ctr. Co. V. Manshion Joho Ctr., Inc.*,

   806 N.Y.S. 2d 480 (App. Div. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Reinsdorf v. Skechers U.S.A., Inc.*,

   296 F.R.D. 604 (C.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Saks v. Franklin Covey Co.*,

   316 F.3d 337 (2d Cir. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## OTHER AUTHORITIES

Cal. Civ. C. § 3294(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. § 27(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. § 27(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# I.  INTRODUCTION

On August 29, 2017 the Court will begin a five-to-seven day jury trial in the latest of lawsuits brought by the Plaintiff. The jury trial will determine whether the affirmative defenses of Thomas Steinbeck, Gail Knight Steinbeck, and The Palladin Group, Inc., absolve them of liability for breach of contract and slander of title, which Plaintiff was found to have established a prima facie case for on summary judgment.  There are three independent Defendants.  Tthe jury trial will determine whether (1) each Defendant intentionally interfered with Plaintiff's prospective economic advantage ("intentional interference"), if any she had, and, if so, (2) each Defendant's affirmative defenses absolve them from liability for intentional interference. Should the jury find any of the Defendants are liable for intentional interference, and that their affirmative defenses do not apply to any claim, then the jury will determine the amount of damages, if any, that Plaintiff is entitled to receive.

Defendants' trial brief ("Trial Brief") addresses these issues as well as what type of damages Plaintiff may be awarded should she be successful in proving her claims.

# II.  DEFENDANTS' CASE-IN-CHIEF

Defendants focus their Trial Brief on the Defendants' affirmative defenses to breach of contract and slander of title, Defendants' defense against Plaintiff's intentional interference claim, and the type of damages Plaintiff may be awarded should she prevail on her claims at trial.

As Defendants have already established, they are entitled to plead affirmative defenses to all of Plaintiff's claims. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 619 n. 11 (C.D. Cal. 2013) ( "An affirmative defense 'pleads matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations are true.'"); *Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003) (An affirmative defense raises new facts and arguments that, if true, defeats a plaintiff's prima facie case).

## A.    Affirmative Defenses to Breach of Contract

Defendants recognize the Court has already granted partial summary judgment on Plaintiff's breach of contract claim, finding that she presented a prima facie case. Partial SJ Order, 9:1-2. The Court also determined that Defendants are not entitled to a defense of unclean hands for breach of contract as it is "'unavailable in an action exclusively for damages.'" *Id.* at 8:27-28; *citing Manshion Joho Ctr. Co. V. Manshion Joho Ctr., Inc.*, 806 N.Y.S. 2d 480, 481 (App. Div. 2005).

Defendants do not intend to assert that Plaintiff has not established the elements for breach of contract. However, Defendants do intend to assert their affirmative defenses of ratification, waiver, estoppel, and failure to mitigate as they relate to Plaintiff's breach of contract claim.  The evidence will establish that Plaintiff ratified Defendants' conduct at issue in this trial.  The evidence will show that, even if Elaine's power of attorney over Thom's copyright interests in the Steinbeck Works survived her death and was descendible, M&O, as literary agents for Elaine's Estate, and Waverly, acting as executor of Elaine's Estate, waived their exclusive control over Thom's copyright interests in the Steinbeck Works. Further, the evidence will show that Plaintiff is estopped from bringing these claims. Should Plaintiff be entitled to damages, Defendants will establish that Plaintiff's own failure to mitigate requires the jury to reduce their damages award accordingly.

Defendants intend to prove their affirmative defenses through argument, evidence, and witness testimony.

## B.    Affirmative Defenses to Slander of Title

Defendants also recognize the Court has granted partial summary judgment as Plaintiff  "established a prima facie case as to the slander of title claim with respect to the non-RWSG petition-related communications." Partial SJ Order, 11:19-20.

Defendants do not intend to assert that Plaintiff has not established the elements for slander of title. However, Defendants do intend to assert their affirmative defenses of waiver, estoppel, unclean hands, and freedom of speech as they relate to Plaintiff's slander of title claim. Defendants will show at trial that M&O, as literary agents of Elaine's Estate,

or Waverly, as executor of Elaine's Estate, waived any right they had in controlling Defendants' rights in the Steinbeck Works. Further, Plaintiff is barred from recovering any damages by under the doctrine of estoppel. Plaintiff's own unclean hands dating back 20 years makes any award in Plaintiff's favor inequitable. Finally, Defendants' conduct was protected under the First Amendment to the U.S. Constitution and the California Constitution.

Defendants intend to prove their affirmative defenses through oral and documentary evidence.

**C.    Defenses and Affirmative Defenses To Intentional Interference with Prospective Economic Advantage**

Plaintiff claims that Defendants tortuously interfered with the *East of Eden* negotiations and *The Grapes of Wrath* negotiations.  This Court has already held that Plaintiff was not entitled to summary judgment on her intentional interference claim. Partial SJ Order, 13:9-10. Moreover, Plaintiff must establish every element of her intentional interference claim at trial to succeed on the merits of her claim. *Id.* at 11-13.

The Court found, as to interference with the *East of Eden* negotiations, Plaintiff "failed to present admissible evidence in the summary judgment motion that an 'actual disruption' in the relationship between Plaintiff and Universal[/Imagine] occurred.  Partial SJ Order, p. 11:27-28, 12:1; *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).  Plaintiff supported her claim arguing that Universal "decided to back away from its negotiations with . . . the Estate for a film version of *East of Eden*." *Id.* at 12:2-4. The Court determined an email in support of Plaintiff's argument was inadmissible hearsay and could therefore "not be used to demonstrate that the *East of Eden* deal was terminated." *Id.* at 12:4-9.

The Court determined the second piece of evidence used to support Plaintiff's claim was an e-mail from Plaintiff's attorney, Susan Kohlmann to her "colleagues at Jenner & Block LLP in which Ms. Kohlmann forwards a *Daily Journal* article reporting on two matters before this Court" which did "not refer to the *East of Eden* negotiations, nor was

1   there any mention of Universal's decision to terminate the deal." *Id.* at 12:11-15. The Court

2   found this piece of evidence was irrelevant. *Id.* at 12:17-19.

3        As it relates to interference with the *Grapes of Wrath* negotiations, the Court found

4   that Plaintiff "failed to present evidence there was a reasonable probability that "but for"

5   Defendants' conduct Plaintiff would have realized an economic advantage. *Id.* at 12: 20-22;

6   *See Kasparian v. Cnt. of L.A.*, 38 Cal. App. 4th 242, 271 (1995) (emphasis in original,

7   quotations omitted). The Court properly noted that "[c]laims that are 'inherently

8   speculative' are not 'reasonably probable.'" *Id.* at 12:24-25; *See Beckwith v. Dahl,* 205 Cal.

9   App. 4th 1039, 1055 (2012).

10        Finally, the Court found that Plaintiff was not harmed by the executive producer

11   agreement entered into between Defendants and DreamWorks relating to the *Grapes of*

12   *Wrath* film deal. *Id.* at 12-13. Specifically, the Court determined Plaintiff's argument was

13   "insufficient to establish a prima facie case that there was a reasonable probability" of lost

14   economic advantage.[1] *Id.*

15        The evidence will prove that Plaintiff cannot establish a single element of her

16   intentional interference claim, including the "independently wrongful" element, which

17   Plaintiff continues to assert the Court granted summary judgment on. Plaintiff contends

18   that, since the Court found Defendants breached the 1983 Agreement and slandered

19   Plaintiff's title to the Steinbeck Works on summary judgment, that Plaintiff need not prove

20   the "independently wrongful" element at trial. Plaintiff's Opposition to Defendants'

21   Motion in Limine for Order Authorizing Presentation of Argument, Evidence, and

22   Testimony Which Overlaps with Already Decided Issues ("Defendants' Evidentiary

23   Motion"), Dkt. 249, 7:6-9.  The Court's Partial SJ Order does not so hold.

24

25

26   [1]   Specifically, Plaintiff asserted in her summary judgment motion that the executive producer agreement
     "*likely* detracted from the amount that DreamWorks was willing to pay the Estate . . . since film studios *typically* have

27   a specific overall budget for a project and any amount dedicated to paying off Defendants would need to come from
     the budget for acquiring the underlying rights from the Estate." Partial SJ Order, 12:26, 13:1-3 (emphasis original).
     The Court further stated that basing Plaintiff's claims on how "'film studios typically' manage budgets is 'inherently

28   speculative' as it entirely hinges on the speculation that DreamWorks budgeted the *Grapes of Wrath* deal in the same
     way that 'film studios typically' manage budgets. *Id.* at 5-8.

As a backstop, Defendants will also establish their affirmative defenses of good faith, ratification, privilege/justification, waiver, estoppel, failure to mitigate, unclean hands, and freedom of speech should Plaintiff somehow succeed on her intentional interference claim. For example, it is not a tortuous interference for Defendants to assert they have ownership rights to certain copyrighted material, especially when that material is being negotiated for exploitation. Further, if Plaintiff is entitled to damages arising from intentional interference, Plaintiff's failure to mitigate reduces her any damages the jury grants her.

Defendants intend to establish Plaintiff is not entitled to a finding by the jury for intentional interference.

**D.    Legal Damages and Equitable Relief**

Defendants will prove at trial that the actual value of the economic harm to the Steinbeck Works, individually or as a whole,  Defendants' conduct is effectively zero. Alternatively, Defendants will establish that even if Plaintiff can prove economic harm occurred in a value greater than zero, Plaintiff's failure to mitigate her damages renders those damages to *at least* zero.

Additionally, Defendants will prove that Plaintiff is not entitled to punitive damages. Punitive damages are not to be awarded for breach of contract in California. Civ. C. § 3294(a). Plaintiff seeks to have the Court present to the jury a special verdict form which fails to state that the jury cannot award punitive damages for breach of contract. The Court should not grant this request that is contrary to law.

Finally, the Court has already decided that Plaintiff is not entitled to equitable relief. Partial SJ Order, 13-14. Specifically, Plaintiff requested that the Court declare Defendants were barred from asserting control over the exploitation of the Steinbeck Works and ownership in the copyrights to the Steinbeck Works. *Id.* at 13:18-21. The Court held that these issues gave the Court "pause" because declaring ownership of unresolved intellectual property would lead to the rise of further litigation over the "uncertainty, insecurity, and controversy" of who owns and controls the Steinbeck Works. *Id.* at 13:25-28. Plaintiff

1   should not be able to ask the Court to reconsider its prior rulings, especially given the
2   Court's June 28, 2017 Order precluding the relitigation of already-decided issues in the
3   2004 Litigation or "by this court on summary judgment and/or reconsideration."
4   Relitigation Order, 3:2.

5                         **III. UNRESOLVED EVIDENTIARY MATTERS**

6        Defendant recognizes that as of the time of filing this Trial Brief the Court has not
7   resolved which issues have been already-decided by the 2004 Litigation and this Court on
8   summary judgment and/or reconsideration. Furthermore, the Court has not determined
9   whether Defendants' affirmative defenses to breach of contract and slander of title are
10  valid.

11       However, Defendants have not used their Trial Brief as a means of trying to further
12  sway the Court as to what the law is on those matters and how the Court should decide. In
13  juxtaposition, Plaintiff has used their trial brief as a means to further argue their opposition
14  to Defendants' Evidentiary Motion. While statute and case law do not prohibit this practice,
15  it is contradictory to the spirit of federal motion practice.

16       For example, a party must be given adequate time to respond to a motion or
17  opposition brief. Fed. R. Civ. P. § 27(a)(3), (4) (A party is granted 10 days to respond to
18  a motion after being served or 7 days to reply to an opposition after being served).
19  Submitting "extra" arguments to Plaintiff's opposition to Defendants' Evidentiary Motion
20  requires the Court to grant Defendants adequate time to respond. Plaintiff has filed their
21  trial brief hours before it is due. Furthermore, trial is less than a week away. Defendants
22  do not have the time to adequately respond to these new or recycled arguments. Should
23  Plaintiff have desired to argue Section III. Other Legal, Procedural, Or Evidentiary Issues
24  of their trial brief they should have done so in their opposition to Defendants' Evidentiary
25  Motion, or filed their own motion. The Court should therefore dismiss Plaintiff's
26  arguments here as a shameless attempt to gain an unfair advantage over Defendants at trial.

27

28

## IV.  CONCLUSION

Defendants' Trial Brief is a *brief* road map of how Defendants intend to prevail at trial. Defendants submit their trial brief to further clarify what the Court has and has not already held. Defendants request the Court not consider Section III of Plaintiff's Trial Brief in reviewing the moving papers to Defendants' Evidentiary Motion as an attempt to gain an unfair advantage at trial. Defendants welcome any opportunity to further brief the Court on legal or evidentiary issues at trial.

Respectfully submitted,

Dated: August 22, 2017           By:    /Matthew Berger/

Matthew I. Berger, Attorney for DEFENDANTS THE ESTATE OF THOMAS STEINBECK, GAIL KNIGHT STEINBECK, and THE PALLADIN GROUP, INC.