

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVERLY SCOTT KAFFAGA, ) | |
| ) | CASE NO. CV 14-8699-TJH |
| ) | |
| Plaintiff(s), ) | |
| ) | JURY INSTRUCTIONS |
| v. ) | |
| THOMAS STEINBECK, ET AL., ) | |
| ) | |
| Defendant. ) | |
| ————————————————— ) | |

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, then all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. One defendant is not to be prejudiced should you find against another. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law and are to be treated as equals.

A corporation may act only through natural persons who are its agents or employees.  Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal. Any act or omission of an agent within the scope of authority is the act or omission of the principal.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

The evidence in the case will consist of the following:
1.　　The sworn testimony of the witnesses, no matter who called a witness.
2.　　All exhibits received in evidence, regardless of who may have produced the exhibits.
3.　　All facts that may have been stipulated to or judicially noticed and that you must take as true for purposes of this case.

Depositions may, also, be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Here, the parties have stipulated to certain facts prior this trial.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Generally speaking, there are two types of evidence presented during a trial-direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstance indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Unless outweighed by evidence to the contrary, you may find an official duty has been regularly performed, private transactions have been fair and regular, the ordinary course of business or employment has been followed, things have happened according to the ordinary course of nature and the ordinary habits of life, and the law has been obeyed.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert opinion is outweighed by other evidence, you may disregard the opinion entirely.

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care.  The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. Such testimony is entitled to the same consideration and is to be judged as to credibility and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Evidence that, at some other time while not under oath, a witness, who is not a party to this action, has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

26.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for Defendants as to that claim.

Defendants have the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

Establish by "a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide", I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

I will now explain the legal rulings I have already made in this case.  These rulings are final and established, and you are bound to follow these legal determinations.

I will now explain my ruling that the Defendants are liable for breach of contract.

First, I have already concluded, as prior courts have also found, that the 1983 Agreement is a valid, binding settlement agreement, which gives Plaintiff the "complete power and authority to negotiate, authorize and take action with respect to the exploitation and/or termination of rights in the works of John Steinbeck."

Second, I concluded that Plaintiff has met her obligations under the contract and that Thom has been receiving the benefits of the 1983 Agreement.

Third, I concluded that certain statements made by Defendants to third parties, in which Defendants claimed ownership of the intellectual property rights to the Steinbeck Works or sought to exploit the Steinbeck Works, constituted breaches of the 1983 Agreement.   I will list these statements shortly.

Finally, I concluded that Defendants' statements and actions that breached the 1983 Agreement caused damages, and that the Plaintiff sufficiently established that these statements and actions have harmed, and continue to harm, the value of the entire catalogue of the Steinbeck Works.

Therefore, I have concluded that Defendants are liable for breach of contract, and that Plaintiff has suffered harm as a result of the breach of contract.

I will now explain that I found certain statements and actions of Defendants to be wrongful because they constituted breach of contract and/or slander of title.

First, I concluded that the statement in the RWSG Petition, which was filed by Gail, that Thom "owns or controls" two-thirds of the domestic rights to East of Eden and The Grapes of Wrath, breached the 1983 Agreement.

Second, I have already concluded that the following statements and actions of Defendants were wrongful because they both breached the 1983 Agreement and slandered the Plaintiff's title:

- Gail's statement to a third party concerning the East of Eden deal that M&O did not represent her and Thom "on a copyright termination because it creates a brand new set of rights," and that someone needed to call her in relation to "who is out there marketing [the 'brand new set of rights'] . . . because somebody could get in trouble and [she and Thom] don't want that to happen."
- Gail's statement to the Executive Vice President of Business Affairs at DreamWorks that he "should read this attachment very carefully before you decide to make a deal with the Scott family alone" because "the two/thirds owners of the copyright . . . want to make a deal with you" and "give you the chain of title you need."
- Gail's statement that Thom's adaptation of The Pearl is one of a "few current projects for which we control the underlying rights."
- Gail's statement, in reference to negotiations regarding The Pearl with Disney, that "[w]e can look to fund independently and maybe do a distribution deal with Disney."
- Thom's audio version of The Long Valley, which the Palladin Group offered for sale on Amazon.com, and Gail's statement to publishers that Thom "own[s] the rights to the copyright of that particular CD."
- Gail's statement to someone associated with a database for film and television rights that the Palladin Group represents the "film and/or stage rights" to the short stories in The Long Valley.
- Gail's letter that purported to grant non-exclusive, one-time rights to a filmmaker to adapt the short story "Flight" into a short film.
- Gail's statement to a producer interested in the film rights to The Log from the Sea of Cortez that "any attempts to move forward with a project without Thomas Steinbeck's permission could place the project in jeopardy."
- Thom's grant of permission to an author to use a passage from Cannery Row in a book.
- Gail's statement to a journalist that "Thom still owns rights in" the Late Works and that "Thom still owns the copyrights."

The Court has previously determined that Defendants are liable to Plaintiff for breach of contract.   You must determine the amount of Plaintiff's damages for Defendants' breach of contract.   You must place Plaintiff in the same position as if the contract had not been breached.   Plaintiff may recover those damages naturally arising from the breach of a contract.

Now, I will explain my ruling that Defendants are liable for slander of title.

First, I have already concluded that Defendants have repeatedly and falsely asserted throughout the film industry and the media that they have an interest in and/or control over the Steinbeck Works and that interest entitles them to a role in Steinbeck-related negotiations.

Second, I concluded that these statements were published because they were communicated to a third person.

Third, I concluded that many of Defendants' statements were made without privilege or justification. I will list these statements in a moment.

Finally, I concluded that Plaintiff has suffered direct pecuniary loss due to Defendants' statements and that these statements have harmed the Steinbeck Works as a whole. However, I did not determine the extent of that harm.

Therefore, I have concluded that Defendants are liable for slander of title.

Since I have already determined that Defendants slandered Plaintiff's title to the Steinbeck Works, you must determine the amount of Plaintiff's damages, if any, i.e., the amount that Plaintiff has suffered as a result of Defendants' slander of her title to the Steinbeck Works.  You should award Plaintiff an amount of money shown by a preponderance of the evidence in the case to be fair and adequate compensation for such loss and damage as proximately resulted from the slander of title.  For damage to be the proximate result of such interference, it must be shown that, except for the slander of title, such damage would not have occurred.

In determining the measure of damages to compensate Plaintiff for Defendants' slander of her title, you should consider any impairment of vendibility of the Steinbeck Works attributable to the slander of title, any costs of clearing the title to the Steinbeck Works (referred to as "inconvenience damages"), and any punitive damages.   These concepts will be explained shortly.

To compensate Plaintiff for Defendants' slander of Plaintiff's title to the Steinbeck Works, you may award Plaintiff damages for impairment of vendibility as a result of the slander of title.  Impairment of vendibility can be measured by the prevention of a sale to a particular purchaser or by the deprivation of a market in which Plaintiff could have found a purchaser.  However, there need not be a specific purchaser whose purchase was prevented by the slander in order for Plaintiff to recover damages.

To compensate Plaintiff for Defendants' slander of Plaintiff's title to the Steinbeck Works, you may award Plaintiff inconvenience damages. Inconvenience damages are measured by the time and inconvenience suffered by the Plaintiff in removing the doubt cast upon her ability to control the exploitation of the Steinbeck Works. These damages are recoverable even if you do not find any damage stemming from the impairment of the vendibility of the Steinbeck Works.

Plaintiff claims that Defendants intentionally interfered with an economic relationship between her and DreamWorks Pictures, and between her and Universal/Imagine, and that each relationship probably would have resulted in an economic benefit to Plaintiff.

To establish her claim for intentional interference with prospective economic advantage claim, Plaintiff must prove all of the following:

(1)   Plaintiff and DreamWorks Pictures and/or Plaintiff and Universal/Imagine were in an economic relationship with the probability of future economic benefit to Plaintiff;

(2)   Defendants knew of Plaintiff and DreamWorks Pictures' relationship and/or Plaintiff and Universal/Imagine's relationship;

(3)   Defendants engaged in intentional, independently wrongful acts designed to disrupt Plaintiff and DreamWorks Pictures' relationship and/or Plaintiff and Universal/Imagine's relationship;

(4)   Plaintiff and DreamWorks Pictures' relationship and/or Plaintiff and Universal/Imagine's relationship was actually disrupted;

(5)   Plaintiff was harmed; and

(6)   Defendants' conduct that interfered with Plaintiff and DreamWorks Pictures' relationship and/or Plaintiff and Universal/Imagine's relationship was the proximate cause of Plaintiff's harm.

The Court has determined that Defendants are liable to Plaintiff for breach of contract and slander of title.  Defendants' breach of contract and slander of title are "intentional, independently wrongful acts" in partial satisfaction of the third element above.  You must determine whether those acts were designed to disrupt Plaintiff and DreamWorks Pictures' relationship and/or Plaintiff and Universal/Imagine's relationship before you can determine whether the third element was proved in its entirety.

If you find Plaintiff has failed to prove her claim of intentional interference with prospective economic advantage (also known as tortious interference), as defined in these instructions, then, of course, your verdict on that claim will be for Defendants.  On the other hand, if you find for Plaintiff on this claim, you will then consider the issue of the amount of pecuniary or monetary damages to be awarded.

In that respect you should award Plaintiff an amount of money, shown by a preponderance of the evidence in the case, to be fair and adequate compensation for such loss or damage, if any, as proximately resulted from the tortious interference. For damage to be the proximate result of such interference, it must be shown that, except for the tortious interference, such damage would not have occurred.

You should consider any lost profits, loss of goodwill, and/or punitive damages when determining the amount of damages to award to Plaintiff, in the event you find that Plaintiff prevailed on her intentional interference claim.

These concepts will be explained shortly.

In determining the amount of damages, if any, to which Plaintiff is entitled to compensate her, you should include any damages suffered by Plaintiff because of lost profits; that is to say, profits that Plaintiff would have made but for the conduct of Defendants.

If you should find, by a preponderance of the evidence, that Plaintiff has suffered lost profits as a result of Defendants' conduct to a degree of reasonable certainty, then the fact that the precise amount of Plaintiff's damages may be difficult to ascertain should not affect Plaintiff's recovery, particularly if Defendants' actions have caused the difficulty in determining the precise amount.

On the other hand, Plaintiff is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded only when there is some reasonable basis in the evidence in the case for determining that Plaintiff has in fact suffered a loss of profits, even though the amount of such loss may be difficult to ascertain.

In arriving at the amount of any loss of profits sustained by Plaintiff, you are entitled to consider any past earnings of Plaintiff in the business in question, as well as any other evidence in the case bearing upon the issue.

In determining the amount of damages, if any, to which Plaintiff is entitled to compensate her, you may also consider whether Plaintiff suffered any measurable loss to her goodwill in her management of the Steinbeck Works.  The goodwill of a business-in this case, the management of the Steinbeck Works-is an intangible business value reflecting the basic human tendency to do business with a merchant who offers products of the type and quality the customer desires and expects. Service to the customer and a willingness to stand behind a warranty and other representations about the quality of the products sold by a merchant are all factors in the goodwill of that business.

The goodwill attached to a particular product (i.e., a single Steinbeck Work) or a business (i.e., the entire catalogue of Steinbeck Works) may be symbolized in whole or in part by the consuming public's acceptance and recognition of the business.  The goodwill attached to a product is a part of the overall business value that is the goodwill of that business. It is possible, therefore, that the general goodwill of a business may be damaged by the loss of goodwill to a particular product. Whether this has occurred is a question of fact for you to determine.

If you find Plaintiff's goodwill has been damaged, either by damage to the goodwill associated with a particular Steinbeck Work or injury to the general business reputation of all Steinbeck Works, you may assess such compensatory damages as you may find shown by the evidence. The measure of Plaintiff's damage is the difference between such goodwill before and after the acts of Defendants.

You should not award damages more than once for the same injury. Plaintiff is entitled to be made whole, but is not entitled to recover more than she lost. If different injuries are attributed to the separate claims, then you must compensate Plaintiff fully for all of her damages, if any.

If you decide that Defendant Gail Steinbeck's or Defendant The Palladin Group, Inc.'s slander of title and/or intentional interference with prospective economic advantage caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Defendant Gail Steinbeck only if Plaintiff proves by clear and convincing evidence that Defendant Gail Steinbeck engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against Defendant The Palladin Group, Inc. only if Plaintiff proves that Defendant The Palladin Group, Inc. acted with malice, oppression, or fraud. To do this, Plaintiff must prove by clear and convincing evidence that the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Defendant The Palladin Group, Inc., who acted on behalf of Defendant The Palladin Group, Inc..

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was one with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his, her, or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following separately for each defendant in determining the amount:

(a)   How reprehensible was that defendant's conduct?

(b)   Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm?

(c)   In view of that defendant's financial condition, what amount is necessary to punish her/it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

42.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss of damage.

If you find that a Defendant has proved that Plaintiff failed to seek out or take advantage of a business opportunity that was reasonably available to Plaintiff under all the circumstances shown by the evidence, then you should reduce the amount of Plaintiff's damages by the amount Plaintiff could have reasonably realized if Plaintiff had taken advantage of such opportunity.

The duty to mitigate damages, however, does not require an injured party to do what is unreasonable or impracticable, or to sacrifice and surrender important and valuable rights.

Clear and convincing evidence – which applies only to Plaintiff's claim for punitive damages-is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict on the remaining claim of intentional interference with prospective economic advantage in this case, or whether damages in any amount should be awarded on any of the claims.

Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff on her claim of intentional interference with prospective economic advantage from a preponderance of the evidence in the case in accordance with the other instructions.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.


[Read Verdict].


You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

At any time during your deliberations, you may submit to the Court your verdict as to any party concerning whom you have unanimously agreed.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person-not even to me-how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.