# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| WAVERLY SCOTT KAFFAGA, *etc.*,<br>Plaintiff,<br>v.<br>THOMAS STEINBECK, *et al.*,<br>Defendants. | CV 14-08699 TJH (FFMx)<br><br>Order<br><br>[311] |

The Court has considered Defendants' renewed motion for judgment as a matter of law, Defendants' motion for a new trial and/or *remittitur*, and Plaintiff's motion for a permanent injunction and declaratory relief, together with the moving and opposing papers.

"Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Ostad v. Or. Health Sci. Univ.*, 327 F.3d 876, 881 (9th Cir.2003). Here, the jury's verdict was a reasonable conclusion supported by substantial evidence. Therefore, a judgment as a matter of law is not warranted.

The Court may grant a new trial, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Here, Defendants challenge the sufficiency of the evidence to support the jury's verdict. However, the verdict was not against the clear weight of the evidence. *See Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-1372 (9th Cir. 1987). Indeed, the verdict was supported by substantial evidence. Further, the verdict was not a miscarriage of justice. *See Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). Therefore, a new trial is not warranted.

In diversity cases, the question of whether the amount of a jury's verdict is excessive is determined by state law. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278-279 (1989). Under California law, if the Court determines that the jury's damages award was excessive, the Court may issue a *remittitur* and conditionally grant a new trial, subject to Plaintiff rejecting a reduced damages award. Cal. Code Civ. Proc. § 662.5(a)(2). A *remmittitur* can occur only if, after weighing the evidence, the Court is convinced from the entire record, including all reasonable inferences, that the jury clearly should have reached a different verdict. Cal. Code Civ. Proc. § 657. The Court is not permitted to substitute its judgment for that of the jury unless it appears from the record that the jury's verdict was improper. *Bigboy v. County of San Diego*, 154 Cal. App. 3d 397, 406, 201 (1984). Having reviewed the record and having weighed the evidence, the Court is not convinced that the jury should have reached a different verdict or that the verdict reached was improper. Therefore, a *remittitur* is not warranted.

To support the issuance of a permanent injunction, Plaintiff must establish, *inter alia*, that legal remedies, such as monetary damages, are inadequate to compensate for any future injury. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court finds that monetary damages are an adequate remedy.

Further, this Court is not the appropriate court to issue injunctive or declaratory relief based on decisions made by the Southern District of New York and the United

States Court of Appeals for the Second Circuit.

Accordingly,

**It is Ordered** that Defendants' renewed motion for judgment as a matter of law be, and hereby is, **Denied**.

**It is further Ordered** that Defendants' motion for a new trial and/or *remittitur* be, and hereby is, **Denied**.

**It is further Ordered** that Defendants' motion for a permanent injunction and declaratory relief be, and hereby is, **Denied**.

Date: February 9, 2018

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**