JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
AJThomas@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5200
Facsimile: (213) 239-5199

Susan J. Kohlmann (Pro Hac Vice)
SKohlmann@jenner.com
Alison I. Stein (Pro Hac Vice)
AStein@jenner.com
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for Plaintiff Waverly Scott Kaffaga, as
Executor for the Estate of Elaine Anderson Steinbeck

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Waverly Scott Kaffaga, as Executor for the Estate of Elaine Anderson Steinbeck,<br><br>    Plaintiff,<br><br>  v.<br><br>The Estate of Thomas Steinbeck, Gail Knight Steinbeck, and The Palladin Group, Inc.,<br><br>    Defendant. | Case No. 14-cv-08699 TJH FFMx<br><br>**JUDGMENT AFTER JURY TRIAL**<br><br>JS-6 |

| | |
|---|---|
| 1 | WHEREAS on November 10, 2014, Plaintiff Waverly Scott Kaffaga, as |
| 2 | Executor of the Estate of Elaine Anderson Steinbeck ("Plaintiff"), filed a |
| 3 | complaint pleading causes of action for breach of contract, slander of title, and |
| 4 | intentional interference with prospective economic advantage, and seeking a |
| 5 | declaratory judgment and permanent injunction against Defendants Thomas |
| 6 | Steinbeck, Gail Knight Steinbeck, and The Palladin Group, Inc. (collectively, |
| 7 | "Defendants"); |
| 8 | WHEREAS on November 17, 2014, Plaintiff filed an amended complaint |
| 9 | pleading the same causes of action against the same Defendants; |
| 10 | WHEREAS on April 1, 2016 Plaintiff filed a motion for summary judgment |
| 11 | as to liability on all of her claims; |
| 12 | WHEREAS on November 1, 2016 this Court issued an Order granting |
| 13 | summary judgment to Plaintiff on her claims of slander of title and breach of |
| 14 | contract (the "Summary Judgment Order"); |
| 15 | WHEREAS in its Summary Judgment Order this Court found that a 1983 |
| 16 | Settlement Agreement between Thomas Steinbeck, John Steinbeck IV, and Elaine |
| 17 | Anderson Steinbeck (the "1983 Agreement") was a valid and enforceable contract |
| 18 | that gave Elaine Anderson Steinbeck and her heirs the complete power and |
| 19 | authority to control the exploitation of the literary works of John Steinbeck (the |
| 20 | "Steinbeck Works"); |
| 21 | WHEREAS the Court also found that the Estate of Elaine Anderson |
| 22 | Steinbeck had met its obligations under the 1983 Agreement; |
| 23 | WHEREAS the Court held that Defendants' communications to third parties |
| 24 | in which they claimed control over the intellectual property rights to the Steinbeck |
| 25 | Works or sought to exploit those works or authorized others' to exploit those |
| 26 | Works breached the 1983 Agreement and caused damages; |
| 27 | WHEREAS the Court found Defendants to have slandered Plaintiff's title in |
| 28 | the Steinbeck Works by repeatedly and falsely asserting to various third parties |

that they had a right to control the exploitation of the Steinbeck Works, causing Plaintiff direct pecuniary harm;

WHEREAS Thomas Steinbeck died on August 11, 2016, and the Estate of Thomas Steinbeck was substituted for Thomas Steinbeck as a defendant during the course of pretrial proceedings;

WHEREAS a jury trial was held from August 29 to September 5, 2017, regarding the damages on Plaintiff's breach of contract and slander of title claims, and regarding both liability and damages on Plaintiff's claim for intentional interference with prospective economic advantage;

WHEREAS at the conclusion of that trial, the jury reached a unanimous verdict finding all three Defendants liable for intentional interference with prospective economic advantage and awarding Plaintiff $5,250,000 in total compensatory damages and $7,900,000 in total punitive damages, as set forth in the verdict form that appears at Docket No. 295;

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff Waverly Scott Kaffaga, as Executor of the Estate of Elaine Steinbeck, shall recover $13,150,000 in total damages from the Defendants, in accordance with the jury's verdict, as follows:

    A.    The amount of $1,300,000 on Plaintiff's claim for breach of contract;

    B.    The amount of $1,300,000 on Plaintiff's claim for slander of title;

    C.    The amount of $1,000,000 against Defendant the Estate of Thomas Steinbeck on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with Universal/Imagine relating to the *East of Eden* transaction;

    D.    The amount of $500,000 against Defendant Gail Steinbeck on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with Universal/Imagine relating to the *East of Eden* transaction;

1       E.     The amount of $500,000 against Defendant The Palladin Group, Inc. on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with Universal/Imagine relating to the *East of Eden* transaction;

      F.     The amount of $325,000 against Defendant the Estate of Thomas Steinbeck on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with DreamWorks Pictures relating to the *Grapes of Wrath* transaction;

      G.     The amount of $162,500 against Defendant Gail Steinbeck on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with DreamWorks Pictures relating to the *Grapes of Wrath* transaction;

      H.     The amount of $162,500 against Defendant The Palladin Group, Inc. on Plaintiff's claim for intentional interference with Plaintiff's prospective economic relationship with DreamWorks Pictures relating to the *Grapes of Wrath* transaction;

      I.     The amount of $5,925,000 in punitive damages against Defendant Gail Steinbeck; and

      J.     The amount of $1,975,000 in punitive damages against Defendant The Palladin Group, Inc.

Plaintiff shall also recover reasonable costs in accordance with Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and L.R. 54-1.

Dated: March 15, 2018       By: _____
                                       HON. TERRY J. HATTER, JR.
                                       United States District Judge