GAIL KNIGHT STEINBECK
3347 Bell's Lake Circle
Longs, South Carolina 29568
Telephone: (805) 216-5313
SweetDreamsWorldwide@gmail.com

FILED

2026 MAY -8  PM 1:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Defendant in Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BAHAR KAFFAGA, AS ADMINISTRATOR OF THE ESTATE OF ELAINE ANDERSON STEINBECK,<br><br>    Plaintiff,<br><br>vs.<br><br>GAIL KNIGHT STEINBECK, THE ESTATE OF THOMAS STEINBECK, AND THE PALLADIN GROUP, INC.,<br><br>    Defendants. | Case No.: 14-CV-08699-TJH (FFM)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Gail Knight Steinbeck respectfully moves for an order compelling production of documents necessary to allow valuation and sale of her copyright interests for the purpose of satisfying the judgment.

The Court has made clear that it will not approve a sale of Defendant's interests unless a binding agreement is presented and the prospective purchaser has completed due diligence.

However, Defendant does not have access to the underlying licensing agreements, royalty data, or accounting information necessary for a purchaser to conduct due diligence or determine valuation.

As a result, Defendant is unable to obtain a binding agreement, unable to value her interests, and unable to take meaningful steps toward satisfying the judgment. This motion seeks production of those materials so that the Court's requirements may be met.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 69, a judgment creditor may obtain discovery in aid of execution.

Under Federal Rule of Civil Procedure 37, the Court may compel production of documents where a party fails to provide discoverable information.

Discovery in aid of execution is broad and includes information necessary to identify, evaluate, and apply assets toward satisfaction of a judgment.

## III.    ARGUMENT

**A.** The Requested Documents Are Necessary for Valuation and Sale

The Court has required that any proposed sale be supported by a binding agreement and that any prospective purchaser complete due diligence before such agreement is presented.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

Neither a seller nor a prospective purchaser can reasonably complete due diligence without access to licensing agreements, royalty statements, and financial terms governing the asset.

Without these materials, valuation is not possible and no binding agreement can be formed.

**B.** The Current Framework Prevents Compliance with the Court's Own Requirements

The Court requires a completed transaction supported by due diligence. At the same time, Defendant lacks access to the information necessary for a purchaser to perform that due diligence.

As a practical matter, it is not possible to obtain a binding agreement for a multi-million-dollar transaction without first providing the underlying financial and contractual information necessary for valuation.

This creates a situation in which a sale is theoretically permitted but practically impossible to achieve.

Absent production of the requested materials, Defendant cannot satisfy the Court's requirements and cannot use her assets to satisfy the judgment.

**C.** Defendant Lacks Basic Accounting Necessary to Evaluate the Judgment

Defendant has not been provided with a complete accounting of amounts collected under the assignment order or the remaining balance of the judgment. Without this information, Defendant cannot determine the current status of the judgment, evaluate the relationship between asset value and liability, or make informed decisions regarding sale or financial planning.

**D.** Summaries or Redacted Materials Are Insufficient

To the extent any summaries have been offered, they do not include complete financial terms, scope of rights, or contractual obligations.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

Redacted or partial disclosures do not allow a seller or a prospective purchaser to conduct due diligence or determine value.

Full and unredacted agreements are required.

**E.** The Requested Materials Were Historically Provided

Until 2020 Defendant received all licensing agreements, royalty statements, and related financial information concerning her interests.

Under the current structure, Defendant no longer receives these materials and no longer has visibility into the performance or value of her asset.

**F.** Confidentiality Does Not Permit Redaction of Agreements from the Entitled Party

The requested agreements fall squarely within the scope of permissible discovery under Rule 26(b)(1), as they are directly relevant to Defendant's rights and income. Assertions of confidentiality do not permit the production of redacted agreements or the concealment of material contractual terms from Defendant. As a matter of law and equity, Defendant is entitled to inspect the complete, unredacted agreements upon which her rights and income depend.

While the Court may impose reasonable restrictions on further disclosure, it cannot authorize the withholding or redaction of the agreements as against Defendant herself. Any such limitation would deprive Defendant of the ability to verify, enforce, and protect her legal and financial interests. See, e.g., *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

**IV.   CONCLUSION**

Defendant seeks only the information necessary to comply with the Court's requirements and to use her assets to satisfy the judgment.

Without access to that information, compliance is not possible.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

Absent such production, Defendant cannot comply with the Court's stated requirements for sale, rendering enforcement of the judgment through those means impracticable.

Accordingly, Defendant respectfully requests that the motion be granted.

Respectfully submitted,

Dated: May 8, 2026                    /s/*Gail Knight Steinbeck*

Gail Knight Steinbeck, Defendant in Pro Se

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

# <u>DECLARATION OF GAIL KNIGHT STEINBECK</u>

I, Gail Knight Steinbeck, declare as follows:

1. I am the Defendant in the above-captioned action and make this declaration based on my personal knowledge.

2. I own certain copyright and related interests in the works of John Steinbeck.

3. I have made efforts to sell my interests in these works in order to satisfy the judgment entered against me in this case.

4. From February of 2022 until December of 2025, I engaged in negotiations with a prospective buyer regarding the possible purchase of my interests.

5. During those discussions, the prospective buyer indicated that it required access to underlying financial and contractual information, including licensing agreements and royalty information, in order to evaluate the value of my interests and proceed with the transaction.

6. I do not have possession, custody, or control of those documents.

7. Those documents are in the possession or control of the opposing party and/or their agents.

8. I have attempted to obtain access to licensing agreements, royalty reports, and related financial records necessary for valuation of my interests.

9. I have not been provided with complete or unredacted copies of those agreements or records.

10. To the extent any summary information has been offered, it did not include sufficient detail regarding financial terms, valuation, or contractual obligations necessary for due diligence or valuation purposes.

11. I was informed that the underlying agreements and documents could not be shared with me or with a prospective purchaser pursuant to prior rulings of the Court.

12. As a result, the prospective buyer with whom I had been in discussions was

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

unable to conduct due diligence and has refused to proceed with the transaction without due diligence.

13. I have not received any meaningful accounting of the royalty payments that have been assigned and paid toward the judgment.

14. I do not know the total amount that has been collected under the assignment order or the remaining balance of the judgment.

15. I also do not have access to the underlying financial information necessary to determine the value of my copyright interests.

16. Without access to this information, it is not possible for any prospective purchaser to determine the value of my interests or to proceed with a transaction.

17. To the extent any summaries or partial disclosures have been offered, they have not provided sufficient detail for valuation or due diligence purposes.

18. In particular, redacted or summarized materials do not disclose the full terms of licensing agreements, including financial terms, scope of rights, and obligations.

19. Without access to unredacted agreements, a prospective purchaser cannot determine the value of my interests or enter into a binding purchase agreement.

20. The Court has required that any proposed sale be supported by a binding agreement and that any buyer complete due diligence prior to submission of such an agreement.

21. Without access to the requested documents, I am unable to satisfy these requirements.

22. As a result, I am unable to sell my interests and unable to use those assets to satisfy the judgment.

23. Prior to the implementation of the current enforcement structure, I historically received licensing agreements, royalty statements, and related financial information concerning my interests, including materials dating back to 1978.

24. Since the implementation of the current enforcement structure, I no longer

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

receive those documents or underlying financial information.

25. As a result, I no longer have visibility into the financial performance, contractual terms, or value of my interests.

26. Without access to this information, I am unable to evaluate my assets, engage in financial planning, or take meaningful steps toward satisfying the judgment.

27. I now have limited financial resources and do not have the ability to independently obtain or reconstruct the financial information necessary for valuation.

28. I submit this declaration in support of my motion to compel production of documents necessary to allow valuation and sale of my interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 8, 2026 in Longs, South Carolina.

/s/*Gail Knight Steinbeck*

Gail Knight Steinbeck
Defendant in Pro Se

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a Pro Se Defendant in this case no. 14-CV-08699. My address is 3347 Bell's Lake Circle, Longs, S.C. 29568. On May 8, 2026 , I served the foregoing document described as **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL; DECLARATION OF GAIL KNIGHT STEINBECK IN SUPPORT OF MOTION TO COMPEL** on the interested parties in this action to the address as follows:

> **JENNER & BLOCK LLP**
> Andrew J. Thomas, Esq.
> AJThomas@jenner.com
> 633 West 5th Street, Suite 3600
> Los Angeles, CA 90071
> Telephone:     (213) 239-5200
> Facsimile:     (213) 239-5199
>
> Susan J. Kohlmann, Esq.
> SKohlmann@jenner.com
> Alison I. Stein, Esq.
> AStein@jenner.com
> 919 Third Avenue
> New York, NY 10022-3908
> Telephone:     (212) 891-1600
> Facsimile:     (212) 891-1699
>
> *Counsel for Proposed Substitute Plaintiff Bahar Kaffaga, as*
> *Administrator of the Estate of Elaine Anderson Steinbeck*

☒ **BY E-MAIL**: I caused said document to be transmitted to an email address as last given by said counsel or party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2026, at _____.

_____

1
PROOF OF SERVICE